UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
LACONNER ASSOCIATES LIMITED       )
LIABILITY COMPANY,                           )    No. C07-175RSL
                                                    )
            Plaintiff,                              )
                                                    )    ORDER DEFERRING DEFENDANT'S
    v.                                              )    MOTIONS IN LIMINE
                                                    )
ISLAND TUG AND BARGE CO.,             )
                                                    )
            Defendant.                           )
_____)

This matter comes before the Court on "Defendant's Motions In Limine" (Dkt. #16). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103). In its motion, defendant moves to exclude: (1) the testimony of David Parsons under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); (2) the testimony of John Carlson and Vaughn Jolley to the extent it is based on scientific, technical, or other specialized knowledge; and (3) any testimony regarding La Conner Municipal Code §§ 10.10.455 and 15.125.010 as a basis for plaintiff's demolition of the Crab Shack. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and the remainder of the record, the Court finds as follows:

ORDER DEFERRING DEFENDANT'S
MOTIONS IN LIMINE

**1.     David Parsons**

In its motion, defendant moves under Daubert and Fed. R. Evid. 702 to exclude plaintiff's expert David Parsons from presenting testimony regarding the alleged diminution of value of the property. See Motion at 5.  Defendant contends that Mr. Parsons' testimony should not be admitted because "it is based on flawed methodology, is devoid of expert analysis, lacks support, and will do nothing to assist the trier of fact." Id.

Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert, the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. Daubert, 509 U.S. at 597.  The gatekeeping function applies to all expert testimony, not just testimony based on science.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).  However, this case is being tried to the Court, and as numerous courts have observed,  "the Daubert gatekeeping obligation is less pressing in connection with a bench trial" where "the 'gatekeeper' and the trier of fact [are] one and the same." Volk v. United States, 57 F. Supp. 2d 888, 896 n.5 (N.D. Cal. 1999); see also Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 596 n.10 (D.N.J. 2002) ("[W]here the Court itself acts as the ultimate trier of fact at a bench trial, the Court's role as a gatekeeper pursuant to Daubert is arguably less essential."); Fierro v. Gomez, 865 F. Supp. 1387, 1395 n.7 (N.D. Cal. 1994), aff'd 77 F.3d 301 (9th Cir. 1996), vacated and remanded on other grounds, 519 U.S. 918 (1996), modified on other grounds on remand, 147 F.3d 1158 (9th Cir. 1998) (concluding that the better approach under Daubert in a bench trial is to permit the contested expert testimony and "allow 'vigorous cross-examination, presentation of contrary evidence' and careful weighing of the burden of proof to test 'shaky but admissible

evidence'" (quoting Daubert, 509 U.S. 579 (1993)).

In ruling on a motion in limine, the Court must decide the merits of introducing a piece of evidence or allowing testimony without the benefit of the context of a trial. For this reason, Fed. R. Evid. 103 empowers the Court to make "a definitive ruling on the record admitting or excluding evidence, either <u>at or before trial</u>." Fed. R. Evid. 103(a) (emphasis added). Here, given the facts of the case, the Court concludes that the admissibility of the testimony Mr. Parsons is best resolved at trial, rather than in limine. The Court will allow defendant to vigorously cross-examine Mr. Parsons and present contrary evidence[1] before ruling on the admissibility of Mr. Parsons' expert opinion testimony. Accordingly, the Court RESERVES ruling on the admissibility of Mr. Parsons' testimony.

### 2. "Expert" testimony from John Carlson and Vaughn Jolley

In its motion, defendant moves to exclude the testimony of Messrs. Carlson and Jolley "to the extent that their testimony will be based on scientific, technical, or specialized knowledge" because these witnesses were not identified as experts in accordance with Fed. R. Civ. P. 26(a)(2)(A) and did not submit a report regarding the pre- or post-casualty conditions of the pier, the reasonableness of repair or replacement, or the probable costs of repair under Rule 26(a)(2)(B). Motion at 8.

When a party fails to disclose or supplement its discovery responses in accordance with Rule 26(a) and (e), Rule 37(c) provides the remedy:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), <u>the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless</u>. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of

---

[1] For example, defendant indicated in its response that it will "offer marine engineering, construction and permitting experts" who purportedly will contend that plaintiff could have repaired the structure "for a minimal sum with no resulting loss of value to the property." See Response at 3 n.1.

ORDER DEFERRING DEFENDANT'S
MOTIONS IN LIMINE                                              -3-

the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Id. at Rule 37(c)(1) (emphasis added). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1)'s exclusionary sanction has been characterized by the Ninth Circuit and the advisory committee notes as "automatic" and "self-excuting." Id. ("The Advisory Committee Notes describe it [Rule 37(c)(1)] as a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material.'") (alteration in original). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Id.

In response to defendant's motion, plaintiff contends that "Mr. Carlson, as the contractor hired by plaintiff to do the necessary demolition and replacement of the pier, has factual knowledge as to the actual costs of this work and the probable costs of alternatives." Response at 7. Therefore plaintiff asserts, Mr. Carlson "is not being asked to testify as an expert witness under Fed. R. Evid. 702 – [instead] he will testify as to his own observations, as seen through his own eyes, as he is entitled to interpret what he saw with the aid of his own professional experience." Id.

Fed. R. Evid. 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Because Mr. Carlson was not disclosed as an expert in accordance with Fed. R. Civ. P. 26, his testimony will be subject to the limitations of Fed. R. Evid. 701. To the extent that Mr. Carlson's testimony goes beyond the scope of permissible testimony under Rule 701, the Court RESERVES ruling on this issue until trial.
ORDER DEFERRING DEFENDANT'S
MOTIONS IN LIMINE                              -4-

In response to defendant's motion concerning Mr. Jolley, plaintiff contends that as the owner of the property, Mr. Jolley will testify as a lay witness about the pre- and post-casualty condition of the pier and shed, the value of his own property,[2] cost estimates for replacement of the pier and building, and what he was told concerning the removal of the damaged structures.

Because Mr. Jolley was not disclosed as an expert in accordance with Fed. R. Civ. P. 26, his testimony will be subject to the limitations of Fed. R. Evid. 701. To the extent that Mr. Jolley's testimony goes beyond the scope of permissible testimony under Rule 701, the Court RESERVES ruling on this issue until trial.

### 3. Testimony concerning La Conner Municipal Code §§ 10.10.455 and 15.125.010

Defendant contends that "[t]hroughout the entire discovery process, plaintiff has maintained the contention that he [sic] was ordered to demolish the Crab Shack structure by Mr. Doyle and, as such, could not have merely made repairs to the damaged area." Motion at 9. Plaintiff's ninth interrogatory asked:

> If you contend that the reconstruction [sic] of the supporting pilings, pier, dock, crab shack and/or shoreline area had to be immediately demolished and promptly rebuilt after the subject incident, explain all facts supporting the contention.

Dkt. #17 (Browne Decl.) at Ex. M. Plaintiff responded to this interrogatory by stating:

> Plaintiff received instructions from John Doyle, Planning Director, City of LaConner, to promptly demolish and remove the damaged pilings, deck and structure due to publish [sic] health considerations. Attending the discussion between Mr. Doyle and Mr. Jolley told Mr. Jolley [sic] to demolish and then remove the structures was Peter Mason, who expressed his agreement that the

---

[2] Defendant opposes any testimony from Mr. Jolley concerning the value of the property. See Response at 4-6. Against the backdrop of Fed. R. Evid. 701, "[c]ourts indulge a common law presumption that a property owner is competent to testify on the value of his own property." Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 542 (4th Cir. 2007). Defendant's objection to Mr. Jolley's testimony therefore, will be directed to the weight and not to the admissibility of the testimony. See White v. Atlantic Richfield Co., 945 F.2d 1130, 1133 (9th Cir. 1991) ("An owner may testify as to the reasonable value of the land. The weight of such testimony is, of course, affected by the owner's knowledge of circumstances which affect value, and as an interested party, it is for the jury to evaluate the credibility of his testimony.") (internal citations and quotation marks omitted).

ORDER DEFERRING DEFENDANT'S
MOTIONS IN LIMINE                    -5-

> structures should be promptly demolished. Gordon Bell may have had subsequent conversations with Mr. Doyle on the subject.

Id. As discussed above in section two, under Fed. R. Civ. P. 37(c), a party may introduce information that was not disclosed pursuant to Rule 26(a) or (e) if the failure was substantially justified or was harmless. The Court finds that the ultimate determination of whether plaintiff was required to demolish the Crab Shack, or could have simply repaired the structure under the La Conner Municipal Code, is a mixed question of law and fact. At this stage of the proceedings, the Court cannot determine the extent to which plaintiff's failure to disclose information regarding the La Conner Municipal Code was substantially justified or harmless. Plaintiff has the burden to make this showing under Fed. R. Civ. P. 37. See Yeti by Molly Ltd., 259 at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Notably however, the sanctions available to the Court for violations of Rule 37(c) are generally focused on jury trials. See, e.g., Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: . . . (B) may inform the jury of the party's failure"). Given that this case is being tried to the Court and there is not yet a fully developed record concerning the circumstances leading the Crab Shack's demolition, the Court RESERVES ruling on the admissibility of any "evidence or exhibits from plaintiff regarding the applicability of the cited [La Conner] code sections" until trial. Reply at 6; accord 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2885 ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence.").

DATED this 15th day of May, 2008.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DEFERRING DEFENDANT'S
MOTIONS IN LIMINE                    -6-