1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT SEATTLE

10  LACONNER ASSOCIATES LIMITED
    LIABILITY COMPANY,                        IN ADMIRALTY
11
                    Plaintiff,
12                                            CASE NO.    CV07-0175RSL
                         v.
13
    ISLAND TUG & BARGE CO.,                   PRETRIAL ORDER
14
                    Defendant.
15

16

17                              **JURISDICTION**

18          This is an action for allision damage to a pier owned by plaintiff over navigable waters of the

19  United States caused by a barge being navigated by defendant.  Jurisdiction is vested in this court

20  under 28 U.S.C. § 1333, the Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 30101, and the

21  general maritime law.  This is an admiralty and maritime action within the meaning of Fed. R. Civ.

22  P. 9(h).

23

24                       **PLAINTIFF'S CLAIMS FOR RELIEF**

25          Plaintiff will pursue at trial the following claims arising from tortious damage to real

26  property, under the general maritime law:

27          1.      Diminution of value of pier and shed owned by plaintiff resulting from negligence of

28

PRETRIAL ORDER (07-0175 RSL)  - 1

1   defendant.

2       2.      Consequential damages incurred in replacing pier in order to mitigate diminution of

3   value of pier and shed.

4

5                    **DEFENDANT'S AFFIRMATIVE DEFENSES & CLAIMS FOR RELIEF**

6       1.      Plaintiff's damages, if any, were proximately caused by circumstances or events

7   superseding the negligence, if any, of defendant.

8       2.      Plaintiff failed to mitigate its damages.

9       3.      Plaintiff had a duty to preserve relevant evidence.  In destroying relevant evidence,

10  plaintiff's actions were improper and constituted spoliation.

11      4.      The repair and planned repair of plaintiff's pilings, building and other property has

12  resulted in substantial betterment to plaintiff's property and its recovery, if any, should be reduced

13  to reflect depreciated value and/or betterment.

14

15                                       **ADMITTED FACTS**

16      The following facts are admitted by the parties:

17      1.  Plaintiff is the owner of real property, including tidelands, located in La Conner

18  Washington, which on July 17, 2006 included a 60 foot by 30 foot pier covered with a shed

19  extending west into the Swinomish Channel on the navigable waters of the Puget Sound.

20      2.  On the evening on July 17, 2006, the tug ISLAND STORM, operated by defendant, was

21  pushing two barges having a combined width of 90 to 100 feet north through the Swinomish

22  Channel.  After passing safely under the Rainbow Bridge, just south of the town of La Conner, one

23  of the barges allided with a pile driving barge moored immediately to the south of plaintiff's pier.

24  The pile driving barge was then pushed under plaintiff's pier causing damage.

25

26                                    **Plaintiff's Contentions**

27      The plaintiff contends as follows:

28

PRETRIAL ORDER (07-0175 RSL)  - 2

1      1.  The pier referred to above, in addition to its main dimensions of 60 feet by 30 feet,

2   included an open loading area 15 foot wide by 30 foot long.

3      2.  The pier, its supporting pilings and structures, and shed were existing non-conforming

4   uses so far as zoning ordinances.  The pier encroached on the street right of way of the Town of

5   LaConner.  The parcel of property on which the pier was located, with the pier and shed in place had

6   a value of approximately $1,500,000 prior to the casualty that is the subject of this action.

7      3.  As a result of this damage to the pier it constituted a hazard to public safety and pollution

8   of the waterway, which required its removal or repair.  Because of the existence of the pier as a

9   nonconforming use and its encroachment onto the street right of way of the Town of LaConner,

10  repair as such was not allowable.  Removal of the pier and shed without replacement would have

11  resulted in greater diminution of value of the property than would rebuilding it to existing

12  dimensions, with design and materials that would meet then-current building codes.  The cost of

13  rebuilding the pier and shed to its existing dimensions, moving the pier a foot or so to eliminate the

14  encroachment on the street right of way, would have been a minimum of $407,000.  As a result of

15  this casualty, the fair market value of the property comparing its value immediately prior to the

16  casualty with its value in the damaged condition immediately subsequent to the casualty was

17  diminished as a result of the casualty by at least $407,000.

18     5.  To meet its obligations to abate the hazard to public safety and danger of pollution the

19  damaged pier presented, plaintiff promptly elected to remove the pier and, to mitigate diminution

20  of value that would have resulted if the pier was not promptly replaced, proceed with replacing it

21  with a pier of slightly different dimensions and other improvements to the property for which permits

22  had been granted, at a cost exceeding $500,000, not including replacement of the shed, which to this

23  day has not been replaced.  Plaintiff had to borrow those funds at a cost of about 10% annual

24  interest and loan fees, which plaintiff might have elected to not incur but for this casualty, as plaintiff

25  had a limited line of credit available which it needed as a reserve for interests payments and other

26  expenses it would incur before it could either sell its interest in the property in the entirety or sell

27  part of it to a joint venture development partner to develop the property for other purposes.  In

28

1    addition to the cost of interest, the shortage of funds that could have been used to pay future interest

2    and other expenses that resulted from plaintiff incurring this expense may have resulted in plaintiff

3    having to sell its interest in the property at less than fair market value.

4

5                                    **Defendant's Contentions**

6        Defendant contends as follows:

7        1.   Defendant denies all of plaintiff's contentions.

8        2.   Plaintiff razed the pier and shed within days of the allision, without seeking the opinion

9    of an engineer, surveyor, or disinterested contractor as to the possibility of repairing the structure.

10       3.   The property that forms the basis of the suit is referred to by the plaintiff as the "Crab

11   Shack."   The Crab Shack was built in the early to mid 20th Century.   The Crab shack was a

12   dilapidated single story, stick frame building with a rusty sheet metal exterior.

13       4.   The Crab Shack structure and the land upon which it is situated is part of a 3.02 acre

14   parcel of land that was purchased by plaintiff in 1996.   Plaintiff's admitted intention has always been

15   to redevelop the site into a mixed use residential and commercial property that took advantage of

16   its prime location along the La Conner waterfront.   The project is commonly referred to as "The

17   Moore-Clark Project."

18       5.   Part of the Moore-Clark Project called for the demolition and removal of several over-

19   water structures.   The structures to be demolished included the Crab Shack, its support deck, and

20   its pilings.   After the planned demolition and removal of the Crab Shack, its supports deck, and

21   pilings, plaintiff intended to reconstruct in their place a larger deck, a floating dock and a large

22   multilevel building, which would eventually house a waterfront restaurant.

23       6.   By the summer of 2006, plaintiff had spent several years and expended hundreds of

24   thousands of dollars (including litigation with the Town of LaConner) to obtain the necessary

25   permits from federal, state, and local agencies to begin work on the project.

26       7.   Prior to the incident, plaintiff admittedly had every intention of demolishing the Crab

27   Shack structure in the fall of 2006.

28

PRETRIAL ORDER (07-0175 RSL)  - 4

1    8.  Plaintiff was required by its permits to begin demolition and reconstruction of the Crab

2    Shack before the end of 2006.

3    9.  Any "in-water" work related to the Crab Shack demolition and reconstruction had to be

4    done within the fisheries window that began on July 16, 2006.

5    10.  Defendant denies it is liable for the alleged damage caused to plaintiff's property.

6    11.  After the incident, plaintiff proceeded with its plan to demolish the Crab Shack structure

7    without regard for the possibility that the structure could be repaired in place or otherwise secured

8    in order to mitigate any potential safety or environmental threat.

9    12.  Plaintiff was solely responsible for the decision to demolish the Crab Shack.

10   Plaintiff failed to mitigate its damages by proceeding with the demolition and reconstruction of the

11   Crab Shack structure without first engaging the opinion of a qualified engineer, disinterested

12   contractor, or marine surveyor regarding the possibility of repairing or securing the existing

13   structure.

14   13.  Plaintiff had several options available to it to either repair the structure or secure the

15   structure so that it did not pose a threat to safety and/or damage to the environment.  Plaintiff chose

16   instead to demolish the structure and remove the debris.

17   14.  Plaintiff failed to properly investigate whether the structure could be repaired or

18   otherwise secured because it had already planned to demolish the structure pursuant to the

19   requirements of existing permits and according to its preexisting construction schedule.  Plaintiff

20   chose instead to demolish the structure and remove the debris.

21   15.  Plaintiff was not ordered by any local, state, or federal governmental agency to demolish

22   the Crab Shack structure.  Nevertheless, plaintiff chose to demolish the structure and remove the

23   debris.

24   16.  If the Crab Shack structure was an existing non-conforming use, so far as zoning

25   ordinances were concerned, the non-conforming nature of the property would not have precluded

26   plaintiff from either shoring up the structure until such time as it was ready to proceed with its

27   scheduled demolition and replacement or repairing the existing structure itself.

28

PRETRIAL ORDER (07-0175 RSL)  - 5

17.  Plaintiff's damages, if any, are limited to the cost of stabilizing the Crab Shack for the one or two month interval between the incident, the planned demolition, and reconstruction of the structure.

18.  Plaintiff has not suffered any consequential damages as a result of the alleged incident.

19.  Any damage to plaintiff's property has not affected its investment in the overall Moore-Clark Project.

## ISSUES OF LAW

### Plaintiff's Statement of Issues of Law

Plaintiff anticipates the following issues of law will be presented by this case, other than the usual issues of general maritime law applicable to liability for negligence of a party whose negligence causes damages to the property of another:

1.  The rule for the measure of damages under the general maritime law in a case of this nature is the difference in value between the property before and after the casualty, together with incidental and consequential damages resulting therefrom.

2.  Under the general maritime law, interest normally is awarded.

### Defendant's Statement of Issues of Law

Defendant anticipates the following issues of law will be determined by the court:

1.  Whether and to what extent, if any, plaintiff is entitled to damages.

2.  Whether plaintiff is entitled to prejudgment interest.

3.  Other issues that may arise during the trial of the case.

## EXPERT WITNESSES

(a)  Each party shall be limited to one expert witness on the issues indicated below.

(b)  The names and address of the expert witnesses to be used by each part at the trial and the issue upon which each will testify is:

PRETRIAL ORDER (07-0175 RSL)  - 6

1          (1)   On behalf of plaintiff:

2   David Parsons
    David Parsons & Associates, Inc.
3   1316 E College Way
    Mount Vernon WA 98273
4   360-428-8544

5          Mr. Parsons will testify in person as to his opinion of the diminution of value of plaintiff's

6   property as a result of this casualty.

7          (2) On behalf of defendant:

8   Bill Gerken
          PND, Inc.
9          811 First Avenue, Ste 570
          Seattle, Washington 98104
10         Ph:  206.624.1387

11         Mr. Gerken is an engineer and shoreside permitting specialist.  He will testify as an

12   expert witness regarding damage issues.

13   Bill Gunderson
          PND, Inc.
14         811 First Avenue, Ste 570
          Seattle, Washington 98104
15         Ph:  206.624.1387

16         Mr. Gunderson is an engineer and will testify as an expert witness regarding damages

17   issues.

18

19                **WITNESSES TO BE CALLED BY PLAINTIFF**

20         Plaintiff may call the following witnesses:

21         (A)     **Identities of potential witnesses**.   Identities of each individual likely to have

22   discoverable information relevant to disputed facts alleged with particularity in the pleadings:

23

24

25

26

27

28

PRETRIAL ORDER (07-0175 RSL)  - 7

| | |
|---|---|
| Vaughn Jolley<br>Managing member,<br>LaConner Associates LLC<br>813 S 2nd St.<br>LaConner WA 98257<br>360-466-1258 | Will testify in person as to the pre-casualty condition and value of the pier and shed and the property on which they were located, and their post-casualty condition. He will testify as to the requirements of the City of LaConner that the damaged building and pier be removed, the costs of removal, the cost of replacement if replacement could have been allowed, and the costs of replacement of the pier and building, including costs of the effect of earlier-than-planned work on financing and construction of the project and development of the adjacent property. |
| John Carlson<br>Carlson Construction, Inc.<br>PO Box 943<br>LaConner WA 98257<br>360-466-4550 | Will testify in person as to his knowledge of the pre-casualty condition of the pier and shed, his observations of the circumstances of the damage to plaintiff's pier immediately after the accident, including his conversations with representatives of defendant over the next few days, his observations as to the nature and extent of damage to plaintiff's pier and the reasonableness of alternatives regarding repair or replacement, the probable costs of repair and the costs of replacement. |

## WITNESSES TO BE CALLED BY DEFENDANT

Defendant may call the following witnesses:

Defendant may call the following witnesses:

(A)        **Identities of potential witnesses:**  Identities of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

1.      Vaughn Jolley
        c/o Plaintiff's counsel

        Mr. Jolley is a member of LaConner Associates LLC. He will testify regarding liability and damages issues.

2.      Frank Ellefsen
        c/o Bauer Moynihan & Johnson LLP

        Mr. Ellefsen is the owner of Island Tug and Barge. He will testify regarding damages issues.

3.      Dave Wells, Jr.
        Lakeshore Construction
        Mukilteo, Washington 98275
        Ph:  206.730.3643

        Mr. Wells is a contractor. He is a possible witness who will testify regarding damages issues.

PRETRIAL ORDER (07-0175 RSL)  - 8

4.  John Doyle
    Town of La Conner, Town Administrator
    204 Douglas
    La Conner, Washington 98257
    Ph: 360.466.125

    Mr. Doyle is the Town Administrator for the Town of La Conner and he will testify regarding damages issues.

5.  Jodi Widmann
    Vice President, North County Bank
    1031 State Avenue
    Marysville, Washington 98270
    Ph: 360.657.3100

    Ms Widmann is the loan officer responsible for LaConner Associates line of credit for the Moore-Clark Project. She is expected to testify regarding damages issues.

6.  Scott Robinson
    CPR Management Services
    4005 20th Avenue West, Ste 228
    Seattle, Washington 98199
    Ph: 206.838.8490

    Mr. Robinson participated in the investigation following the accident. He is a possible witness and may testify to issues regarding damages.

7.  Peter Mason
    Alexander Gow, Inc.
    221 1st Avenue West, Suite 115
    Seattle, Washington 98119-4223
    Ph: 206.285.9243

    Mr. Mason is a surveyor who participated in the investigation following the accident. He is a possible witness and may testify to issues regarding damages.

Defendant reserves the right to call all witnesses identified by plaintiff.

## EXHIBITS TO BE OFFERED BY PLAINTIFF

Admissibility Stipulated:

|  | Exhibit 1 | Pre-casualty aerial photo of project |
| Exhibit 2 | Pre-casualty photo of project from Rainbow Bridge |
| Exhibit 3 | Pre-casualty photo of pier/shed |
| Exhibit 4 | Pre-casualty photo of loading deck |
| Exhibit 5 | Four photos post-casualty damage |

1    Exhibit 6        Post-casualty reconstructed pier

2    Exhibit 8        Jolley e-mail to Jacobson

3    .    Exhibit 10        Letter of September 19, 2006, to Jacobson, as redacted.

4

5                              **DEFENDANT'S EXHIBITS**

6    Admissibility stipulated:

7    500.    Transcript from the June 5, 2007 deposition of Vaughn Jolley

8    501.    Transcript from the November 29, 2007 deposition of Vaughn Jolley

9    502.    Exhibit 1 to the June 5, 2007 deposition of Vaughn Jolley

10    503.    Hydraulic Project Approval Permit dated August 23, 2004

11    504.    Army Corps Permit and attachments dated August 10, 2004

12    505.    Department of Ecology Water Quality Certification dated November 19, 2004

13    506.    Shoreline Substantial Development Permit dated December 16, 2000

14    507.    ISLAND STORM deck log book dated July 17, 2006

15    508.    ISLAND STORM deck log book dated July 18, 2006

16    509.    April – September 2006 Development Budget

17    510.    April – September 2006 Development Budget attached to plaintiff's responses to defendant's

18            requests for production.

19    511.    Gerken report

20    512.    Gerken CV

21    513.    Gunderson report

22    514.    Gunderson sketch of pilings

23    515.    Gunderson CV

24    516.    Demolition Invoices

25    517.    Illustrations of the new Crab Shack building

26    518.    Construction drawings by Bob Patterson

27    519.    Site Development Plans

28

PRETRIAL ORDER (07-0175 RSL) - 10

520.   July 26, 2006 e-mail from Vaughn Jolley to Joann Gustafson (Washington State Department of Natural Resources)

521.   July 31, 2006 letter from Joann Gustafson (Washington State Department of Natural Resources) to Vaughn Jolley

522.   August 11, 2006 letter from Joann Gustafson (Washington State Department of Natural Resources) to Vaughn Jolley

523.   June 7, 2006 letter from Vaughn Jolley to John Doyle

524.   July 10, 2006 Town of LaConner letter regarding Certificate of Authorization

525.   July 20, 2006 letter from John Doyle, Town of La Conner Town Administrator, to Vaughn Jolley

526.   August 28, 2006 Town of La Conner Certificate of Authorization

527.   August 22, 2006 memorandum from Vaughn Jolley to Jodi Widmann

528.   April 26, 2007 e-mail from Vaughn Jolley to Jodi Widmann

529.   Pre-casualty photo of Crab Shack building

530.   Post casualty photo of Crab Shack building

531.   Post casualty photo of Crab Shack building

532.   Post casualty photo of Crab Shack building

533.   Photos of interior of Crab Shack building

534.   Photo of new deck structure

535.   Photo of new deck structure from across the channel

536.   Photo of new deck structure and float from across the channel

537.   Arial photograph of Moore-Clark facility.

538.   Preliminary waterfront improvement plan dated July 13, 2006

539.   Preliminary waterfront improvement plan dated July 20, 2006

540.   Waterside development plan dated December 27, 2006

541.   Plaintiff's responses to defendant's interrogatories and requests for production

542.   Development Agreement between LaConner Associates and the Town of La Conner

PRETRIAL ORDER (07-0175 RSL) - 11

1   543.   GVA Kidder Matthews marketing documents regarding the LaConner Associates property.

2   544.   Screen captures from LaConner Associates website

3   545.   Town of La Conner Town Administrator responsibilities document

4   546.   April 27, 2007 e-mail from Charles Davis to Tom Waller

5   547.   May 1, 2007 e-mail from Charles Davis to Tom Waller re: rejection of Development

6          Agreement

7   548.   May 2, 2007 e-mail from Charles Davis to Tom Waller regarding SMP approval

8   549.   June 22, 2007 e-mail from Charles Davis to Tom Waller

9   550.   August 13, 2007 e-mail from Charles Davis to Tom Waller

10  551.   Peter Mason photographs, diagram, and e-mail

11  552.   C J Munson Self Contained Appraisal Report dated January 1, 2007

12  553.   C J Munson Limited Appraisal, Summary Report dated March 15, 2006

13  554.   Post casualty photo

14  555 .  Post casualty photo

15  556 .  Post casualty photo

16

17  Authenticity admitted, admissibility disputed:

18      Plaintiff's Exhibits

19      Exhibit 7        Parsons' Report

20      Exhibit 9        Attachment to Jolley e-mail to Jacobson

21      Exhibit 17       LaConner Municipal Code § 10.10.455

22      Exhibit 18       LaConner Municipal Code § 15.125.010

23

24                      **ACTION BY THE COURT**

25      (a) This case is scheduled for trial without a jury on June 2, 2008 at 8:30 a.m.

26      (b) Trail briefs shall be submitted to the court on or before May 26, 2008.

27

28

PRETRIAL ORDER (07-0175 RSL)  - 12

1    This order has been approved by the parties as evidenced by the signatures of their counsel.

2  This order shall control the subsequent course of the action unless modified by a subsequent order.

3  This order shall not be amended except by order of the court pursuant to agreement of the parties

4  or to prevent manifest injustice.

5    DATED this 23rd day of May, 2008.

6

7

8                                        _____
                                         Robert S. Lasnik
9                                        United States District Judge

10

11

12  FORM APPROVED

13  s/ Charles M. Davis
    WSBA # 5088
14  LAW OFFICE OF CHARLES M. DAVIS
15  4767 Wharf Road
    Bow WA  98232
16  Telephone: 360-766-3223
    Fax: 360-766-4014
17  E-mail: cdavis@davismarine.com
18  Attorney for Plaintiff

19  BAUER MOYNIHAN & JOHNSON LLP

20  s/ _____
21  Thomas G. Waller, WSBA No. 22963
    Joseph M. Browne, WSBA No. 36580
22  Attorneys for defendant
    Bauer Moynihan & Johnson LLP
23  2101 Fourth Avenue, Suite 2400
24  Seattle, WA  98121
    Tel:   (206) 443-3400Fax:   (206) 448-9076
25  E-mail:  tgwaller@bmjlaw.com
    E-mail:  jmbrowne@bmjlaw.com
26

27

28

PRETRIAL ORDER (07-0175 RSL)  - 13